**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Daniel Borla, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 10 C 4411 |
| Creditors Financial Group, LLC, a New York limited liability company, | ) ) ) | |
| Defendant. | ) ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, Daniel Borla, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's form debt collection letter violates the FDCPA, and to recover damages for this violation, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Daniel Borla ("Borla"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt owed originally for a delinquent consumer credit card.

4.     Defendant, Creditors Financial Group, LLC ("CFG"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, CFG was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Borla.

5.     Defendant CFG is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant CFG conducts substantial and extensive business in Illinois.

6.     Defendant CFG is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, Defendant CFG acts as a collection agency in Illinois by attempting to collect delinquent consumer debts from thousands of Illinois consumers.

**FACTUAL ALLEGATIONS**

7.     Defendant CFG sent Ms. Borla an initial form collection letter, dated February 22, 2010, demanding payment of a delinquent consumer debt that he had originally owed for a credit card, which account was potentially owed to one of three entities –  Resurgent Capital Services, LVNV Funding, or HSBC Bank Nevada. Specifically, the letter referred to "Your account with or client: RESURGENT CAPITAL SERVICES, LP", but that the "Owner" was "LVNV Funding LLC", and that it was "For: HSBC Bank Nevada NATIONAL ASSOC".  Moreover, Defendant CFG's letter demanded that the debt be immediately paid by stating that payment had to be made

2

"At this time".  A copy of this letter is attached as Exhibit C.

8.      In fact, although Mr. Borla had an account with HSBC, he has never had an account with Resurgent Capital Services.

9.      All of Defendant CFG's collection actions at issue in this matter occurred within one year of the date of this Complaint.

10.      The language Defendant CFG used in its form collection letter to Mr. Borla is to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g(a)(2)**
**Failure To Effectively Identify The Creditor**

11.      Plaintiff adopts and realleges ¶¶ 1-10.

12.      Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, CFG must provide the consumer with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

13.      Defendant CFG's form collection letter was the only disclosure Mr. Borla received form Defendant CFG during the statutory 5-day period and that letter leaves anyone, let alone the unsophisticated consumer, with no idea as to who actually was the creditor – Resurgent, LVNV or HSBC.  Accordingly, Defendant CFG's February 22, 2010 letter (Exhibit C), fails to advise Ms. Borla effectively of the name of current creditor, in violation of § 1692g(a)(2) of the FDCPA.

14.      Defendant CFG's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692e Of The FDCPA -
### Making A False Statement

15.     Plaintiff adopts and realleges ¶¶ 1-10.

16.     Section 1692e of the FDCPA prohibits Defendant CFG from making any false, deceptive or misleading statements in connection with the collection of any debt, see, 15 U.S.C. § 1692e.

17.     Defendant CFG's form collection letter falsely stated that Mr. Borla had an account with Resurgent Capital Services, when, in fact the account was actually owned by either HSBC or bad debt buyer LVNV Funding.  Thus, Defendant CFG's statement as to the identity of the current creditor were false, deceptive or misleading in violation of § 1692e of the FDCPA.

18.     Defendant CFG's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692g –
### Overshadowing And/Or Ineffectively Conveying
### The 30-Day Validation Notice

19.     Plaintiff adopts and realleges ¶¶ 1-10.

20.     Section 1692g of the FDCPA requires that, within 5 days of a debt collector's first communication to a consumer, the debt collector must provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it.  Moreover, § 1692g(b) further prohibits any collection activity and/or communication during the 30-day period which overshadows, or is inconsistent with, the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. §

4

1692(b).

21.     Here, although Defendant CFG's initial collection letter (Exhibit <u>C</u>) contains the notice required by § 1692g of the FDCPA, the statement made in its letter demanding immediate payment – "At this time" – render the 30-day validation notice ineffective.  Defendant's demand for immediate payment would confuse the unsophisticated consumer by creating a false sense of urgency as to whether the 30-day validation period has already expired, and whether the consumer must act immediately or has the full 30 days to dispute the validity of the alleged debt. Defendants' form collection letters thus violates § 1692g of the FDCPA.  <u>See</u>, <u>Avila v. Rubin</u>, 84 F.3d 222, 226 (7th Cir. 1996); <u>Bartlett v. Heibl</u>, 128 F.3d 497, 501 (7th Cir. 1997); <u>Chauncey v. JDR Recovery Corporation</u>, 118 F.3d 516, 519 (7th Cir. 1997); <u>see also</u>, § 1692g(b).

22.     Defendant CFG's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

23.     Plaintiff, Daniel Borla, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant CFG attempted to collect a delinquent consumer HSBC credit card debt, via the same form collection letter, Defendant sent to Plaintiff (Exhibit <u>C</u>), from one year before the date of this Complaint to the present.  This action seeks a declaration that Defendant CFG's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

24.     Defendant CFG regularly engages in debt collection, using the same form collection letter it sent Plaintiff Borla, in its attempts to collect delinquent consumer debts from other consumers.

25.     The Class consists of more than 35 persons from whom Defendant CFG attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiff Borla.

26.     Plaintiff Borla's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

27.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

28.     Plaintiff Borla will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant CFG's conduct was perpetrated on all members of the Class and will be established by

common proof.  Moreover, Plaintiff Borla has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Daniel Borla, individually and on behalf of all others similarly situated, prays that this Court:

1.      Certify this action as a class action;

2.      Appoint Plaintiff Borla as representative of the Class, and his attorneys as Class Counsel;

3.      Find that Defendant CFG's form collection letter violates the FDCPA;

4.      Enter judgment in favor of Plaintiff Borla and the Class, and against Defendant CFG, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;  and,

5.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Daniel Borla, individually and on behalf of all others similarly situated, demands trial by jury.

Daniel Borla, individually and on behalf of all others similarly situated,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  July 15, 2010

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com